| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CR0249 ERW |
| | ) | |
| LARRY SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DETENTION ORDER

This matter is before the Court on the motion for pretrial detention filed by the

government.  On April 24, 2008, Defendant was charged by indictment with possessing

acetone, knowing that it would be used to manufacture methamphetamine (Count I);

conspiracy to possess pseudoephedrine, knowing that it would be used to manufacture

methamphetamine (Count II); conspiracy to manufacture 500 grams or more of

methamphetamine (Count IV); and manufacturing methamphetamine (Count V), in

violation of 21 U.S.C. §§ 841(c)(2) and 841(a), and punishable under 21 U.S.C. § 841(c)

and (b)(1)(B)(viii).  The penalty is a maximum term of imprisonment of not more than

twenty (20) years, for Counts I and II, and not more than life and not less than ten (10)

years for Counts IV and V.

The Court held a hearing on the government's motion on May 15, 2008.

Defendant appeared and was represented by his attorney, N. Scott Rosenblum.  The

government was represented by Assistant United States Attorney Jeannette S. Graviss.

Neither party had any objections to information contained in the Pretrial Services Report (PSR) dated May 14, 2008, which the Court adopts and incorporates herein.

Defendant is 36 years old and is a lifelong resident of the Eastern District of Missouri. Defendant's parents and his sibling live in DeSoto, Missouri. Defendant has little contact with his son from his previous marriage, who also lives in DeSoto, Missouri. Defendant has been unemployed for two years, and lives alone at a residence owned by his parents, that is separate from his parents' residence. Defendant reports no assets or liabilities. At the hearing, Defendant offered, by way of proffer, that his parents have approximately $250,000 in equity in various parcels of real property, including their personal residence, that they would post to secure Defendant's release; that Defendant's mother, who is a probation officer, would agree to serve as third-party custodian; and that Defendant would participate in whatever program of drug treatment and/or home confinement was set by the Court.

18 U.S.C. § 3142(g) sets forth the factors to be considered by the Court when considering the issue of detention or release on bond. These factors include the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In light of the indictment, there is probable cause to believe that Defendant committed the offenses set forth in the indictment, which are alleged to have occurred on or about July 5, 2006, May 24, 2007, and September 28, 2007. As such, pursuant to 18 U.S.C. §3142(e), a rebuttable presumption arises that "no condition or

combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."

Based on the information contained in the PSR, and further information provided at the hearing, the Court finds that Defendant has not rebutted the presumption that arises in this case. Defendant has several prior convictions, including convictions for driving while intoxicated, assault, and possession of methamphetamine. Defendant committed two of these offenses while on probation for prior offenses. In addition, Defendant was arrested on each of the dates set forth in the indictment, and purportedly continued to engage in the alleged criminal conduct, related to the manufacture of methamphetamine, notwithstanding each earlier arrest. The Court also notes that at the time of his arrest on this indictment, Defendant refused to open the door to his residence for an hour, even though he was aware of the identity of the U.S. Marshals and had previously been advised by counsel that he likely would be charged federally. Once they gained entry, the Marshals detected a strong odor of ether and discovered a loaded 16 gauge shotgun as well as a modified propane tank and modified fire extinguisher, which are consistent with materials used to manufacture methamphetamine. Further, the Court notes that Defendant is not employed; has no economic ties to the community; has a significant substance abuse problem, which could impair his ability to meet his court obligations; and is now facing charges that carry a very substantial penalty, which could lead to an incentive to flee.

Although Defendant's mother has offered to serve as third-party custodian, the Court notes that Defendant has a long-standing substance abuse problem, several prior

convictions, including a conviction for possession of methamphetamine, and has been unemployed for two years, which suggests an inability on the part of Defendant's parents to control Defendant's behavior. Indeed, Defendant has been living at a residence owned by his parents,[1] and there is strong evidence suggesting that he has been engaged in the manufacture of methamphetamine at that residence.

For these reasons, and for the further reasons set forth in the PSR, the Court finds by clear and convincing evidence that no conditions or combination of conditions will assure the safety of other persons and the community if Defendant would be admitted to bail pending trial. Further, the evidence shows by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Larry Sanders be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel.

---

[1] Although Defendant advised Pretrial Services that he is to pay his parents $600 per month to rent the residence at which he has been living, the information in the PSR suggests that he either has not been paying the rent, or has been paying the rent notwithstanding that he disclaims any financial assets and has had no substantial employment for two years.

**IT IS FURTHER ORDERED** that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of May, 2008.